THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| WILLIAM HART, <br><br> Plaintiff, <br><br> v. <br><br> CONVERGENT OUTSOURCING, INC. <br><br> & <br><br> JEFFERSON CAPITAL SYSTEMS, LLC <br><br><br> Defendant. | **COMPLAINT** <br><br> Case No.: 6:20-cv-00092 <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff William Hart, by and through the undersigned counsel, and for his Complaint against Defendants, Convergent Outsourcing. Inc. ("COI") and Jefferson Capital Systems, LLC ("JCS") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and COI and JCS transacts business here.

## STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4. COI's collection activities violated the FDCPA.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to

1

standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

8. Plaintiff, William Hart, (hereafter "Plaintiff"), is a natural person currently residing in Texas.

9. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

10. Defendant, JCS is a Georgia corporation with its principal place of business at 16 McLeland Road, St. Cloud, Minnesota 56303. The principal business purpose of Defendant JCS is

debt buying, whereby Defendant JCS buys outstanding debt obligations and then retains lawyers or collection agencies to collect the debts alleged due.

11. Defendant, JCS, is a debt collector as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the State of Texas. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

12. Defendant COI is a Washington company engaged in the business of collecting debts, using mails and telephone, in this state with its address at 800 SW 39th Street, Suite #100, Renton, Washington, 98057.

13. COI is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

14. COI regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than COI.

16. The alleged debt is said to have been owed to Verizon Wireless and would only have been used by Plaintiff for personal, family, or household purposes.

17. Upon information and belief, on a date better known by COI, COI began to attempt to collect an alleged consumer debt from the Plaintiff.

18. On or about February 27, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

19. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. During the telephone call, Plaintiff informed Defendant he was disputing the alleged debt.

22. At that time, Defendant's representative did not accept the dispute.

23. Defendant's representative instead asked how much of the alleged debt Plaintiff felt he owed.

24. Defendant attempted to force Plaintiff to commit to some portion of the alleged debt, despite the fact that he had just disputed the debt.

25. When Plaintiff again tried to exercise his right to dispute the alleged account, she again asked whether there was an amount he thought the bill should be.

26. Defendant again ignored the fact that Plaintiff disputed the alleged debt in favor of asking Plaintiff again if he had a reason for his dispute and how much of the alleged debt he would pay.

27. Plaintiff may dispute an alleged debt for any reason he chooses. Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999).

28. Defendant attempted to stymie Plaintiff's rights by discrediting his dispute when its representative demanded it must be given a reason he did not feel he owed the debt or commit to some amount he allegedly owed.

29. Defendant then attempted to circumvent Plaintiff's right to dispute the alleged debt by offering a settlement.

30. After receipt of Plaintiff's dispute, Defendant should have marked the account as disputed and ceased collection attempts until proper validation could be obtained.

31. Instead, Defendant attempted to coerce Plaintiff into making a payment on the alleged debt that he otherwise would not have made.

32. Defendant's representative's collection attempts in the form of settlement offers after Plaintiff disputed the alleged debt are improper and unacceptable.

33. After Plaintiff attempted do dispute the debt again, Defendant then asked whether he had bills or proof of payment to show he did not owe the alleged debt.

34. Plaintiff is under absolutely no obligation to prove the invalidity of a debt. Rather, it is a duty of Defendant to prove the debt is valid if it wants to continue to attempt to collect on the alleged debt.

35. Defendant then asked Plaintiff what he was offering to close out the account. Defendant continued to attempt to force a payment on Plaintiff even though he had clearly stated he was disputing the account numerous times.

36. Defendant's representative oppressed Plaintiff's rights by not immediately ceasing communication after acknowledging the dispute of the alleged debt.

37. All of Defendant's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

38. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

39. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

40. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

41. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

42. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

43. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

44. Defendant JFC exercised control over Defendant COI's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

45. Defendant JFC is vicariously liable for Defendant COI's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant COI, was allowed to attempt to collect on their behalf.

46. Defendant COI would not legally be allowed to collect the alleged debt on behalf of JFC if Defendant JFC had not in fact given them approval or agency to act on their behalf to collect in a manner JFC had knowingly approved or permitted.

47. Upon information and belief, Defendant JFC gave Defendant COI the green light, and thus agency, to attempt to collect the alleged debt in the manner in which COI did.

### COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

48. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

49. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

50. Defendants' collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

51. Defendants used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

52. Defendants' collection efforts only serve to confuse and mislead the consumer.

53. Defendants' collection efforts were materially false, misleading, and deceptive.

54. Defendants' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, William Hart, prays that this Court:

A.  Declare that Defendants' debt collection actions violate the FDCPA;

B.  Enter judgment in favor of Plaintiff William Hart and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.  Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

55. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

57. Defendants' communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

58. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

59. Defendants' communications with Plaintiff were deceptive and misleading.

60. Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

61. Defendants' violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, William Hart, prays that this Court:

A.  Declare that Defendants' debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff William Hart, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

62. Plaintiff demands a trial by jury on all Counts so triable.

         Respectfully Submitted,

         **HALVORSEN KLOTE**

    By: /s/ Samantha J. Orlowski

         Samantha J. Orlowski, #72058
         Joel S. Halvorsen, #67032
         Gregory M. Klote, #66888
         680 Craig Road, Suite 104
         St. Louis, MO 63141
         P: (314) 451-1314
         F: (314) 787-4323
         sam@hklawstl.com
         joel@hklawstl.com
         greg@hklawstl.com

         *Attorneys for Plaintiff*